IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-123-M-KS

| | | |
|---|---|---|
| ALLISON LERSCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE MANAGEMENT ORDER** |
| | ) | (ERISA Case) |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court for issuance of a Case Management Order. The court has reviewed the parties' Joint Rule 26(f) Report filed May 20, 2026 [DE #14] and ORDERS the following:

### A. Initial Disclosures

The parties are exempt from making initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). *See* Fed. R. Civ. P. 26(a)(1)(B)(i). However, Defendant shall provide Plaintiff with a copy of the administrative record by **May 31, 2026**.

### B. Discovery

This is an action for judicial review of the denial of benefits under a plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Defendant contends that the ERISA plan gives the administrator discretion over benefit decisions and that discovery is therefore limited to the evidence before the plan administrator at the time of the benefits decision (i.e. the administrative record and plan documents).

To the extent extra-record discovery may be appropriate in this case,[1] the following limitations shall apply absent mutual agreement by the parties or modification by the court, upon good cause shown:

1.     Discovery shall commence in time to be completed by **December 31, 2026**.

2.     A maximum of twenty-five (25) interrogatories (with each sub-part counted as a separate interrogatory) may be propounded by each party upon another party.

3.     A maximum of twenty-five (25) requests for admission may be propounded by each party upon another party.

4.     A maximum of four (4) depositions may be taken by each party. Each deposition shall be limited to seven (7) hours, exclusive of breaks.

5.     Any objection to interrogatories or requests for production shall be stated with particularity. Boilerplate objections, such as "overbroad," "irrelevant," "unduly burdensome," or "not reasonably calculated to identify admissible evidence" without a particularized basis, may be treated as a failure to answer, disclose, or respond pursuant to Rule 37(a)(4).

6.     Disclosure of any expert witnesses and submission of any reports thereof pursuant to Rule 26(a)(2) shall be made as follows:

---

[1]The court does not have sufficient information from which it may determine whether extra-record discovery is appropriate and therefore renders no opinion on the subject, instead leaving it to the parties to confer regarding any extra-record discovery propounded by a party and, if necessary, to request a discovery conference with the court.

a. Principal experts and reports (by the party with the burden of proof) by **October 1, 2026;**

b. Rebuttal experts and reports by **November 2, 2026**; and

c. Surrebuttal reports by **December 1, 2026**.

7. Rule 26(e) supplementations shall be made promptly after receipt of the supplementary information by a party or its counsel and no later than **December 31, 2026**.

8. Any proposed orders governing disclosure of confidential information shall be submitted as soon as reasonably practicable. Any such protective order shall set forth (i) the basis for a finding of good cause for issuance of a protective order; and (ii) the procedure for filing under seal documents containing protected information in accordance with Section V.G. of the court's Electronic Case Filing Administrative Policies and Procedures Manual, which is available on the court's website at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf.

9. Absent any request for or a court order requiring a specific method of production, discoverable electronically stored information ("ESI") may be produced in any commercially reasonable format chosen by the producing party. Any request for production in native or other format shall identify with particularity the specific document(s) to be produced in the alternative format.

10. Pursuant to Federal Rule of Civil Procedure 29, the parties need not seek court approval of any agreements modifying the procedures or deadlines for discovery, except that the parties must obtain court approval of any agreement that

3

would interfere with the time set for completion of discovery, for mediation, for hearing of a motion, or for trial.

### C. Joinder/Amendment

Motions to join additional parties or to amend pleadings shall be filed no later the following: (a) motions by Plaintiff shall be filed by **September 1, 2026**; and (b) motions by Defendant shall be filed by **October 1, 2026**.

### D. Alternative Dispute Resolution

This action has been selected for mediation pursuant to the court's Alternative Dispute Resolution Rules, Local Civil Rules 101-101.3, E.D.N.C. Within **twenty-one (21) days** after entry of this Order, the parties shall file a statement identifying their selected mediator and complying with the other requirements of Local Civil Rule 101.lc(a). If a statement is not timely filed, the Clerk will appoint a mediator from the list of court-certified mediators in accordance with Local Civil Rule 101.1c(b). The mediation shall be conducted by **December 15, 2026**.

### E. Dispositive Motions

All potentially dispositive motions shall be filed by **February 2, 2027**.

### F. Discovery Disputes

Prior to the filing of any motion concerning discovery, the parties shall meet and confer, in person or by telephone, to attempt to resolve any disputed issues including, without limitation, the scope or proportionality of requested discovery and any claim of privilege or need for a protective order. In the event the parties are unable to resolve any disputes through the meet-and-confer process, the parties shall

4

request a discovery conference with the undersigned by filing a joint motion advising the court of the general nature of any disputes, the efforts taken to resolve such disputes, and the need for the court's involvement in resolving any such disputes.

Upon the court's receipt of a request for discovery conference, the court may direct the parties to submit short letter briefs or a joint report outlining the parties' respective positions and may hold a telephone or in-person discovery conference. Alternatively, the court may direct any party seeking relief to file a discovery motion.

### G. Nonfinal Pretrial Conferences

To facilitate orderly case management, this case may be set for one or more Rule 16 nonfinal pretrial conferences. Depending on the nature of any disputed issues, the court may schedule the matter for a telephonic or video conference in lieu of an in-person conference, or the court may continue or terminate the conference if there are no disputes.

At least seven (7) days prior to any scheduled nonfinal pretrial conference, the parties shall confer in person or by telephone or videoconference and submit to the court, a joint report outlining (i) any outstanding motions; (ii) any discovery disputes, scheduling issues or other matters the parties desire to have addressed at the pretrial conference; (iii) the parties' respective positions on matters to be addressed at the conference; (iv) efforts made to resolve any such disputes without court intervention; and (v) any request that the conference be held by telephone or video conference or continued to a later date.

5

The first Rule 16 nonfinal pretrial conference is scheduled for **12:30 p.m. on August 18, 2026**, at the United States Courthouse Annex in Greenville.

### H.     Trial

As this is an action for judicial review, it is anticipated the matter will be decided on the parties' cross-motions for summary judgment. In the event the matter is not resolved by dispositive motions, the action will be set for bench trial at the court's **June 8, 2027**, civil term in Wilmington before the Honorable Richard E. Myers II, Chief United States District Judge. The final pretrial conference will be held at the court's **May 25, 2027**, civil term in Wilmington or at such other time and place as may be ordered by the court. If the trial and/or final pretrial conference dates create conflicts for any party, the court will entertain motions to continue, and the date(s) may be changed as needed depending on the court's and parties' schedules.

At least **twenty-eight (28) days** before the final pretrial conference, the parties shall provide to all other parties the pretrial disclosures required under Rule 26(a)(3). Any objections under Rule 26(a)(3) shall be served upon opposing parties at least **twenty-one (21) days** prior to the final pretrial conference. The parties shall submit to the court at least **seven (7) days** prior to the final pretrial conference a proposed final pretrial order as required by Local Civil Rule 16.1, E.D.N.C.

In addition to filing, counsel shall submit any documents required by Local Civil Rules 39.1, 51.1, and 52.1 electronically to the following email address: Documents_Judge_Myers@nced.uscourts.gov (this email address is receipt only).

6

I.    Other Matters

On consent of all parties, and with the concurrence of the District Judge, this case may be referred to a Magistrate Judge for entry of final judgment and the right of direct appeal to the Fourth Circuit. Should the parties desire to have this case heard by a Magistrate Judge, they should complete and file in CM/ECF a Consent and Reference to Magistrate Judge form. A copy of the form (AO 85) may be obtained from the clerk or downloaded at http://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge.

Additionally, on consent of all parties and with the concurrence of the District Judge, a Magistrate Judge of this court may be made available to enter a final order as to a particular dispositive motion without reference of the entire case to the Magistrate Judge. A copy of the form consenting to reference of a dispositive motion to a magistrate judge (AO 85A) may be obtained from the clerk or downloaded at https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-dispositive-motion-magistrate-judge.

A party may withhold consent to magistrate judge jurisdiction without adverse substantive consequences.

The remaining provisions of the parties' discovery plan are ADOPTED as the court's order, unless inconsistent with the terms provided herein.

This 26th day of May 2026.

KIMBERLY A. SWANK
United States Magistrate Judge

7